Court of Appeals for the 4th Circuit Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable United States Court of Appeals for the 4th Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God be seated. We're happy to hear argument in our first case, Carter v. United States. Good morning, Your Honor. Good morning. Erica Hashimoto of the Georgetown University Appellate Litigation Program, on behalf of Appellant Gregory Carter. With the Court's permission and Mr. Carter having granted his permission, third-year law student Bar Benyamin will be presenting the argument on behalf of Mr. Carter. Thank you very much. Good morning, Your Honors, and may it please the Court, Bar Benyamin on behalf of the Appellant Gregory Carter. Mr. Gregory Carter suffered non-trivial injuries when he fell in his cell on May 3rd of 2014 due to the negligence of prison employees. And as the medical record shows, Mr. Carter suffered more than de minimis injuries, and his existing injuries were exacerbated as the result of his falls. Therefore, the District Court erred in dismissing Mr. Carter's complaint. The records indicate that Mr. Carter's injury is more than de minimis. Over the course of 13 months after his falls, Mr. Carter actively sought the medical attention of prison staff on 11 separate occasions. He was prescribed a variety of pain medication, including a Finally, an orthopedic surgeon concluded that Mr. Carter may require surgery to repair his ankle. To the exacerbation point, Mr. Carter's injuries were also, his existing injuries were exacerbated, so Mr. Carter entered prison with existing neck-back and ankle injuries. And those injuries were made worse after the falls. Under West Virginia law, under the eggshell skull doctrine, a plaintiff need only show that injuries have been exacerbated or re-aggravated. A plaintiff does not need to show that new injuries have arisen. Just so I understand, are you saying that we can find that on the paper record? You want us to hold that? Those are undisputed facts? I'm sorry, Your Honor. Or are you saying there's a dispute as to those facts, and the District Court needs to resolve this on the merits? Our position is that, based on the record, at the very least, these appear to be more than de minimis injuries. Now, ultimately, the question of whether these injuries are de minimis or not is a question for the fact finder. But on the record, as it shows currently, these are more than the non-trivial injuries. For example, an orthopedic surgeon associated – Can I just – because I'm struggling with the posture of this case. So I understand your argument that non-trivial – as I understand it, you tell me if I'm right. He has sufficiently alleged non-trivial injuries. If you just look at the complaint in the record, there's enough for a dispute of fact. The District Court erred by resolving those facts against him, and you want us to send it back. But my question for you is, at that point, the District Court will impose this requirement that the injuries be more than de minimis, and he'll have to prove that up, your client. Do you think that's the right standard? So if I'm understanding correctly, if the question is whether or not a de minimis threshold exists to begin with, our position is that a de minimis threshold does not exist in the case to begin with. Not in the – does he have to prove de minimis injuries ultimately to prevail, more than de minimis injuries? To prevail on the merits of the claim? Yes. No, he does not. The jurisdiction under the FTCA arises from 1346b1, and 1346b1 is guided by West Virginia state tort law in this case. The underlying law is state law. Under West – I must be clear. I'm not asking you whether he has to prove more than de minimis injuries to get jurisdiction. I'm asking you if we conclude that the District Court was erroneous with respect to that argument, whether to prevail on the merits, in other words, to make his claim under the Tort Claims Act, does he have to prove more than de minimis injuries? No, he does not, Your Honor. Well, the way you set up your argument in the beginning, it sort of sounded like that. So, I'm sorry if it came off that way, Your Honor. What does he have to prove? In order to prevail on the merits of the claim, he needs to meet whatever the elements of West Virginia tort law are, and those are that there was a duty of care that was breached and that he was injured somehow as a result of that injury. West Virginia tort law allows a plaintiff to bring claims for nominal damages, and there is case law to suggest that. So, even if these injuries are de minimis at the end of the day, Mr. Carter should be allowed to proceed on those claims. But the court does not need to answer the question of whether or not a de minimis threshold exists at all, because in this case, on the record, it appears to be that these injuries are more than de minimis. That's what I don't understand. Why don't you need us to answer it? Because if you want us to send this back to the district court, don't you need us to tell the district court that the district court is applying the wrong standard? What good does it do you? Because you think you can win even under the wrong standard. You want to take that chance before the district court? We believe that under any standard here, whether this is a 12B1 standard, a 12B6 standard, or Rule 56, Mr. Carter should still get to proceed to discovery. And I'll be happy to walk... Do you see, I think I'm not asking my question right, but I genuinely am trying to wrestle with this, so please, let me try one more time. So you want us to send this back to the district court, say you made a mistake, you resolved factual issues against the plaintiff, they were intertwined with the merits, you can't do that, send this to a fact finder, whether or not there are more than de minimis injuries. But say at that point the fact finder, the district court says, I've looked at all the evidence, I'm doing it as a fact thing, and the fact finder says there is not more than de minimis injuries, you'll be right back here saying, well that's the wrong standard. So why do you not want us to reach the question of what is the right standard right now before we send it back to a district court that will apply what you believe to be the wrong standard? This court is more than welcome to address that question. Why aren't you urging us to? Because we don't feel like we, that is the only way to answer that question. But isn't it the best and most efficient way for your client? You kill two birds with one stone, instead of dragging it out further. If this court was to decide whether a de minimis standard exists or not, Your Honor? I guess that is correct. So then that goes back to Judge Motz's question as to why you wouldn't be urging us to reach that point and to reach it in your favor. So I'm more than happy to explain to this court why a de minimis standard does not exist in the statute if that is the question. So a de minimis standard does not exist in the statute. There is nothing in the plain language of the statute to suggest that there is a de minimis threshold to start. The plain language of the PLRA merely says that in order to bring a claim for mental or emotional injury, a plaintiff must show physical injury. And physical injury is not qualified in any way in the statute. I have a question about just the language you just read. Sure. So that's in Section B-2, right, in order to bring an emotional distress claim, you have to show physical injury. So your client, as I read the complaint, is bringing two claims. One is for emotional distress, but one is just for plain old physical injury. I mean, I got hurt and I want compensation for my injuries. Does that make any difference to you? Do we treat those two claims differently? Yes. Those claims would be separate claims. The physical injury aspect, that claim would be controlled under Section 1346B-1. Right. So there should be, so I take it your position would be, well, obviously there's, I mean, everyone is talking about B-2, but B-2 has no bearing at all on that claim, right? It does not. Not on the physical injury claim. The physical injury claim would be guided by the underlying tort law of the state in which the injury occurred. And over here, that would be West Virginia law. So even if, you know, there is a de minimis bar that guides Section 1346B-2, that would not prevent Mr. Carter from bringing forth a claim under 1346B-1. But in regards to why this injury is de minimis to begin with, Mr. Carter has, according to the record, he explained in his filings to the district court, quote, that before the incident occurred on May 3rd, my ankle was on the road to recovery. It was not swollen. I was no longer wearing the air caster that was given to me by medical. That's the end of the quote. Now, if you compare that to the assessment of the nurse that diagnosed him the day of his falls, she concluded that he re-injured his ankle, and she found those injuries significant enough to order a new set of x-rays for his ankle and for his neck, despite the fact that x-rays had been conducted on those parts of his body only a short time prior. Furthermore, a prison orthopedic surgeon concluded after the falls, sometime after the falls, Mr. Carter may require surgery in order to repair his ankle. And an MRI revealed that he had developed – an MRI taken after the falls revealed that he had developed tendinitis and tendinocinivitis. And those are more than de minimis injuries by their very nature. Additionally, the persistent – On section B2, so the emotional distress claim, what do you want us to do? I understand there's a – tell me if I'm wrong, but there's a uniform line of circuit cases holding that this same language, but under section 1997E, that courts have held that under that section, which is a different section but uses the same language, you need to show more than a de minimis injury to bring a claim for emotional distress. So what do you want us to do with those cases? So those cases, Your Honor, they either ignore the plain language or ignore critical aspects of the legislative history. You want us to say they're wrong. You don't think they can be – you don't want us to distinguish them. Just disagree. Yes, Your Honor. But if this court finds a way to distinguish them and rule in our favor, that is fine with us as well. However, the critical aspects of the legislative history that those courts miss is that the sponsors of the PLRA, Senators Dole and Kyle, when they explained the purpose of section 1346B2 on the Senate floor, they clearly stated – Senator Dole stated that the types of claims that section 1346B2 was meant to curtail were those that did not manifest themselves in any type of physical way whatsoever. So the types of examples that he gave were an inmate bringing a claim because he received crunchy peanut butter instead of smooth peanut butter or receiving insufficient locker space or not being allowed to go to an anniversary party. It did not – on the Senate floor, the senators did not speak at all about any de minimis standard. Furthermore, as the Supreme Court has stated numerous times, when a term is not defined in a statute, its plain meaning should guide. But see, the problem is that these are two federal statutes that have exactly the same language, and that's why I pressed you in the beginning about your claim because it seemed to me that maybe you were conceding, okay, you do have to have more than de minimis injury as a matter of incorporating what those courts said about exactly the same language in another statute. It's not a requirement for jurisdiction. It's not in that statute, so it's not a jurisdictional requirement as the district court seemed to think it was, but it is a requirement to prove up your claim. And I don't – the legislative history of the statute that you're dealing with, 1346b2, doesn't help me too much unless it refers to the language in 1997e and sort of makes the distinction. This – even though we're using exactly the same language, which one was enacted first? They were actually enacted together at the same time. That doesn't help you, does it? It helps us if the other courts have misconstrued the legislative history that controls 1997e as well. Okay. Well, so tell us about that legislative history. So as far as we found in the record, they – it was essentially one and the same. 1997eE controls 1983 claims, and so 1997eE was put in place to control those claims, while 1346b2 was put in place to control FTC-8. Yeah, well, might that not be a distinction? I mean, usually in constitutional law cases brought by prisoners, there is sort of a background norm that minor trivial incidents of prison life are not actionable under the Constitution. Under tort law, the background norms are different. Minor injuries are usually cognizable. Wouldn't that be a way of maybe trying to distinguish the cases rather than just saying every other circuit is wrong? That certainly could be a way to do so, Your Honor, certainly. And furthermore, in regards to whether or not a de minimis standard exists, when Congress wanted to qualify the phrase physical injury and knew exactly how to do so, and it did so in another provision that was passed as part of the PLRA in Section 1915g, when Congress used the phrase serious physical injury in order to qualify physical injury there, there was no such qualification in Section 1346b2. But at the end of the day, all of those questions do not even need to be reached by this Court because, as this Court has stated in Kearns, when the jurisdictional question and a factual question are intertwined, the proper thing to do is to allow a case to proceed on the merits to discovery. And over here, because causation, the element of the tort, and the jurisdictional question that the government claims. I have a couple questions. First, is it your position that the Act requires more than a de minimis injury? No, Your Honor. Okay. Then I don't have a second question. If there are no further questions, Your Honors. Thank you. You have some time for rebuttal. Mr. Riley? Good morning. May it please the Court. Nicholas Riley for the United States. I'd like to just begin by responding to a couple of points about the record in the case. I think when you actually look at the medical records that are at issue here, and particularly I know plaintiff drew the Court's attention to the medical examination that occurred on the day of the alleged incident in May of 2014. I think when you look at those records, it's quite clear that plaintiff did not sustain any new injuries as a result of the alleged incident. In fact, if we just look at the language of the examining practitioner from that medical report, and this is page 70 of the joint appendix, plaintiff alluded to they were ordering new x-rays to suggest that there was a new injury. In fact, what the examiner said was, quote, we'll order x-ray to right ankle to rule out any new injuries. And that's consistent with the rest of the findings, which say, quote, no significant findings slash no apparent distress other than chronic swelling to right ankle. And this is an exam that was conducted only hours after the alleged fall. And so the chronic swelling to the right ankle suggests that these physicians are treating this as a preexisting injury. And that you see again throughout all of the examinations that occurred, the examination reports that occurred after May of 2014. The physicians continue to refer to the injury as preexisting and refer to it as having lasted almost a year. As these examination reports continue, I think for all of those reasons, the district court's conclusion that the plaintiff did not sustain any new injuries as a result of the May 2014 incident was a reasonable conclusion to draw from these records. I'm happy to address any specific questions the court has about the record in further detail or about the legal standard. I guess I would add that just, again, in going back to the record, you know, plaintiff alludes to the fact that or makes the allegation that he was on the road to recovery prior to May of 2014. That road to recovery quote comes from plaintiff's brief. It's not in the record. And it's actually inconsistent with the medical examination reports that are in the record, which say that if we just look at the March 28th, which is just a few weeks before the incident, the March 28th medical. Excuse me. The March 28th report says, again, not improved. Condition was not improved. Slash the same. Again, I'm happy to address any questions the court might have about. Sure. Can you tell me? I don't understand your position on this statute. Is it the government's position that a prisoner cannot bring any FTCA claim without more than a de minimis injury? Or is it that a prisoner can't bring a claim for emotional distress under B2 without more than a de minimis physical injury? It's the latter. It's. So we can all agree that the physics. Do you agree that the plaintiff in this case is alleging both a physical injury and also bringing a claim for emotional distress? We don't. We actually think in this case we understand the complaint at 10 alludes to physical injury, pain and suffering and emotional distress. But in terms of the actual what damages would be available for that physical injury component of his claim, it's not clear what that would be. He hasn't. Maybe we should go ahead and litigate that under West Virginia law and find out. Right. I mean, there's at least some West Virginia tort law suggesting that you can get nominal damages even for a de minimis injury. I suppose I'm the nominal damages question. I actually think that that would be a question that would not necessarily be resolved by West Virginia law. I don't want to get out ahead of the government's position in a case where that was where that was the only claim presented. But we know that the FTCA, for instance, squarely precludes punitive damages against the United States, even if that might be available under state negligence laws. Do you are you taking because I really don't understand what you want us to do with the personal the actual physical injury claim in this case, which I think we can all agree. There's nothing to do with B2. There is no de minimis requirement. I mean, isn't that just a question of West Virginia law? I don't think it is. I think what it's because I think what you have to do and I think what the district court did here was to look at the actual allegations in the complaint and the allegations that the plaintiff made in response to the government's motion to dismiss in which he didn't identify any, for instance, compensatory damages stemming stemming from the physical injury. The only damages and recovery that he appears to be seeking here is for pain and suffering, emotional distress, the kinds of things that are squarely precluded by or that I'm sorry, require the. You are arguing that really there is no claim in this case other than the emotional distress claim, even though he does say I want compensation for physical injury, but he never really details what that would look like and that's enough to kick the claim. I think that's exactly right. And I think that, you know, again, he had opportunity at the district court level, both in his complaint. He was represented when he filed his complaint. He was represented when the government moved to dismiss here on appeal. I think he's had several opportunities to detail what that recovery for the physical injury would be, and he hasn't. So I think that, yes, it is fair, as the district court did, to treat this as essentially a claim for the types of mental and emotional harm that Section 1346b-2 does apply. And I think just turning to Section 1346b-2 itself, I know there were some questions earlier about whether or not that is jurisdictional. We think that the statute is plainly jurisdictional and that it's not like Section 1997e. Part of the reason I think Congress intended that statute to be jurisdictional, one reason we know is because every other provision of Section 1346 refers to jurisdiction. And we know from the Supreme Court's decision in Kwai Fun Wong, which was the case that plaintiffs cite in their reply brief, that one of the indicators as to whether or not Congress intended a statute to be jurisdictional is whether the statute refers specifically to jurisdiction. 1346b-2 does, 1997e doesn't. And I think that's an important distinction here in terms of why 1346b-2 is jurisdictional. If that's right, if b-2 is jurisdictional and 1997e is not, is that another way of possibly distinguishing the two? Like it might be more permissible to go ahead and read in a de minimis requirement to what's really a merits provision, but we might be hesitant to read into a jurisdictional provision a word that's not there. I don't think so, Your Honor. And the reason is because, again, the language is identical, as the Court knows. I think what's more is even in looking at the language itself that Congress used, Congress didn't use, you know, the word, for instance, prior allegation of physical injury. It said prior showing of physical injury. And so I think in inserting that word showing into this jurisdictional statute, a statute that in every other regard is clearly jurisdictional, I think this is exactly the kind of procedural posture that Congress would have envisioned. You know, as the Court knows, the Fourth Circuit allows and other courts allow challenges to factual allegations that go to jurisdiction at the 12b-1 stage. And that's what the government did here. It challenged the plaintiff's factual allegations with respect to this jurisdictional requirement of the physical injury embedded in 1346b-2. I think that that is a reasonable point in the case to resolve that question if the plaintiff really has not presented and cannot present any evidence of a ---- I think I feel that I didn't say my question right. I understand your position about why it might be jurisdictional and that would be the right time. But I'm talking about whether we should read into it the word de minimis or not. And it seems to me it's one thing to read the word de minimis into 1997e where that's a merits question. And even if you can't show it, you can still get nominal damages, you can still get injunctive relief, declaratory relief. No one is kicking you out of court because you couldn't meet a standard that doesn't actually show up in the statute. It seems more extreme is the wrong word. But certainly the implications are much more radical if we read that into a jurisdictional statute because now you're kicked out of court altogether. No injunctive relief, no declaratory relief, no nothing. But you think that doesn't make any difference to the way we should look at the two statutes. I think it doesn't. And I think that's clear from the fact that all of the other courts that have construed 1997e and the one court that has construed 1346b2 similarly at the court of appeals level. There's many other courts. That's an unpublished decision. There's no published circuit law. On 1346b2. That's exactly right. But I think what I was saying was just that I think all of those other cases don't draw that distinction. They're just reading the language based on Congress's intent. But they all say, they all are very careful to say, look, we're not kicking anyone out of court here. You can still get declaratory relief. You can still get injunctive relief. This is not jurisdictional. So I'm not sure that's a fair reading of the cases. It does seem important to the courts in those cases that they are not foreclosing relief altogether, as they would be if they read that into a jurisdictional statute. Right. I think that's a fair reading. But I do think what the courts in those other cases are looking at is Congress's overarching intent, which was to limit the kinds of claims that could be brought by prisoners to those that involve some type of physical injury. And I think on that question as to what physical injury did Congress have in mind, the court's construction of 1997e has to be the same as this court's construction, should it reach that issue of 1346b2. I guess this is my last question. If you could respond to the question I asked your colleague. One reason I can think of why Congress might have had different things in mind is that in the constitutional context, there really is this, there was Eighth Amendment law, at least at the time, that also required that an injury be more than de minimis. There's a long line of prison cases saying you can't bring a constitutional claim based on some minor or trivial incident of prison life. But on the tort law side, I mean, states really vary, but there's lots and lots of states where even the most minor touching is going to be enough to recover under tort law. So it's not obvious to me that we would have the same reading in the constitutional context that we would in the tort law context. Sure. And again, I think the other courts that have addressed this haven't, I think, focused. I mean, they've said some of the things that you alluded to earlier, but they haven't focused about the availability of relief for nominal damages, et cetera. But they haven't, I think, focused on the fact that the claims were constitutional in nature. Some of them cite those Eighth Amendment cases in coming to this conclusion. Right. I guess what I'm saying is they're not focusing it on as to distinguish it from the tort context. Well, because that isn't an issue there. That's fair. And I think the other reason that I was going to say is I think those cases were relying on pre-Wilkins v. Gaddy case law. And I think Wilkins looks at those cases about the requirement of a de minimis injury under the Eighth Amendment and says that was wrong and that those courts are misconstruing Hudson. So I think that to the extent that we're saying that there's a reason to apply the de minimis standard. I'm sorry. That seems like not a good argument for you. That might be a reason why those courts are going to have to go back and revisit what they've done under 1997E to the extent that they were relying on Eighth Amendment law that has since been superseded. But I don't see how that helps you. Right. Well, I guess what I'm saying is that I think we actually didn't cite any of the cases that relied on the pre-Gaddy case law. We specifically didn't because there are plenty of cases that still found this de minimis physical injury requirement under 1997 while saying we reject the Sigler line of cases, which was the origination of that de minimis standard in the Eighth Amendment. Oliver V. Keller is a good example of that. And we think in those cases what the court was doing was still looking to Congress's intent in creating this physical injury requirement. And it wasn't focused on a distinction between, you know, constitutional issues and constitutional type claims and tort claims. It was still saying that this physical injury requirement is part of, again, this broader way of construing statutes, de minimis non curat lex, which the Supreme Court has applied to other federal statutes in determining particularly statutes that create, that go to, you know, jurisdiction or types of claims. I think that types of claims that can be brought. I think that for those reasons, the analogy to the cases, citing cases under Section 1997E is appropriate here. Again, we're talking about nearly identical language, and the courts of appeals are unanimous. Those that have confronted the issue under 1997E have all come out the same way. I think for all of those reasons, as well as the fact that, you know, again, when you look at the actual record, the medical records that Plaintiff himself submitted here in this case, we don't see any evidence of a new physical injury arising after May 2014. All we see are the same symptoms, the same courses of treatment. I think for those reasons, the district court's ultimate finding that there were no new injuries here and that there specifically was no physical injury sufficient to satisfy 1346B2 was reasonable. If there are no further questions. No, thank you. Thank you. Your Honors, I'd just like to clarify our position. So we're asking the court to hold three things. First, that physical injury is controlled by 1346B1, not B2. That the mental and emotional injuries in this case are allowed to proceed or should be allowed to proceed because there is no de minimis threshold to begin with. And at the end of the day, there is more than a de minimis injury here. Anyways, in regards to opposing counsel's invocation of the de minimis non curate lex principle, none of the cases, the 1997EE cases that have found a de minimis bar in 1997EE rely on the de minimis non curate lex principle. What does that mean in English? The law does not concern itself with trifles. Yes, Your Honor. But none of those opinions even make mention of that maxim or of that doctrine. The legislative history. Your argument would be right. Under West Virginia tort law, it's not a trifle. That's why it's cognizable under State law. That is correct, Your Honor. Right. This is not a trifle under West Virginia law. Mr. Carter has shown more than a frivolous or trivial claim here, and therefore, he should be allowed to proceed on the merits. And that translates into more than de minimis as well. I'm sorry, Your Honor, if you can clarify in regards to the legislation. You were just saying under West Virginia law, this is not trivial. Right. Does that also mean it's not de minimis? Yes, Your Honor. What definition do you think? Our position is that de minimis means trivial. And any higher standard than that would be incorrect, even if there is a de minimis bar. Trivial should be at the very highest what a bar for de minimis should be. If there are no further questions. No. Counsel, we understand that you were court appointed and that you're still a law student and you did a great job. Thank you, sir. And we very much thank you for your service. We could not get along without people rising to the bar as you've done. Thank you very much. We will come down and greet the lawyers and then go.
judges: Diana Gribbon Motz, Stephanie D. Thacker, Pamela A. Harris